IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. CR 79-3007 |
| vs. | ) | |
| KENNETH JAY STILL, | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL CITATION TO AUTHORITY REGARDING
DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT
TO 28 U.S.C. § 2255**

The court requested any additional, pertinent citation to authority regarding this case. We have found some published district court cases which might be instructive to the court on the issues before it, and will cite them below.

**A. Timeliness**

The government has urged the court to dismiss defendant's § 2255 motion because it is time-barred. The one-year limitation period in this case expired in 1981.

If a habeas application is filed late it should be dismissed unless the time period is appropriately statutorily or equitably tolled. *Evans v. Holden*, 474 F. Supp.2d 587, 590 (D.Del. 2007). As that court viewed the situation, the record revealed no facts to justify statutory tolling. (As discussed in the government's previous pleadings, the same is true in the instant case). Further, regarding the prospect for equitable tolling, the court said

> Federal courts may also sparingly toll AEDPA's limitations period in those "rare situation[s] where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir.1999); *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616 (3d Cir.1998);

1

> *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D.Del. Nov. 28, 2001). Equitable tolling is only appropriate when the petitioner "exercised reasonable diligence in investigating and bringing [the] claims" and he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller*, 145 F.3d at 618-19 (citations omitted); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir.2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:
> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.
> *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir.1999).
>
> Based on the record, the court concludes that equitable tolling is not warranted because petitioner did not exercise sufficient diligence in bringing his claims. Petitioner knew in August 2002 that his violation warrant was outstanding and that Delaware had lodged a detainer against him, yet he waited until October 2005 before filing the instant habeas application. Petitioner does not contend, and the court does not perceive, that any extraordinary circumstance prevented him from timely filing the instant habeas application. Moreover, to the extent petitioner's untimely filing was due to a mistake or miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D.Del. May 14, 2002). Accordingly, the court will dismiss petitioner's habeas application as time-barred.

*Evans*, 474 F. Supp.2d at 591.

**B. Mootness**

Several district courts have published opinions regarding the issue currently also before the court – regarding when long-ago released defendant's claims are considered moot.[1] Pertinent portions are quoted below:

---

[1] In his previously-filed brief in this matter (at page 2 of defendant's supplemental brief filed October 11, 2004), defendant cited *Hohn v. United States*, 262 F.3d 811 (8th Cir. 2001), for the proposition that, generally, petitioners who have been released from prison are barred from requesting habeas relief. That case, which was also discussed in the government's pleading, was since vacated and should not be relied upon as precedent. *Hohn v. United States*, 123 U.S. 68 (2002).

1. *Evans v. Holden*, 474 F.Supp.2d 587, 589 (D.Del. 2007).

Pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir.2002)(finding that an actual controversy must exist during all stages of litigation). Consequently, as a threshold matter, if petitioner's claims are moot, the court must dismiss the application for lack of jurisdiction. *See North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) ("mootness is a jurisdictional question"); *Chong v. District Director, INS*, 264 F.3d 378, 383-84 (3d Cir.2001).

When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. *Spencer v. Kemna*, 523 U.S. 1, 8, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); *see Steele v. Blackman*, 236 F.3d 130, 134 n. 4 (3d Cir.2001). However, when a petitioner does not attack his conviction, the injury requirement is not presumed. *Chong v. District Director, INS*, 264 F.3d 378, 383-84 (3d Cir.2001). In such situations, "once [the] litigant is unconditionally released from criminal confinement, the litigant [can only satisfy the case-and-controversy requirement by] prov[ing] that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act," *Kissinger*, 309 F.3d at 181, "that is likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7, 118 S.Ct. 978.

2. *Idema v. Rice*, 478 F.Supp.2d 47 (D.D.C. 2007).

Equitable remedies that courts can provide in habeas cases typically involve "either an order to a custodian to ameliorate the conditions of a petitioner's detention ... or an order freeing a petitioner from penalties resulting from conviction that persist beyond the end of detention." *Omar v. Harvey*, 479 F.3d 1, 17 (D.C.Cir.2007). In *Lane v. Williams*, 455 U.S. 624, 631-33, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982), the Supreme Court limited post-release habeas relief to "civil disabilities" imposed on former detainees by operation of law. *See also Carafas v. La Vallee*, 391 U.S. 234, 237-38, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) (finding that habeas petition was not moot after expiration of sentence because of certain statutory consequences of being a convict under New York law such as losing the right to vote, serve as an official in a labor union, serve as a juror or engage in certain businesses). By contrast, non-statutory consequences that flow from a conviction such as loss of employment prospects or affect on a sentence in a future criminal proceeding are not sufficient to keep a habeas petition from becoming moot upon release. *Lane*, 455 U.S. at 632-33, 102 S.Ct. 1322.

3

**3. *Bourdon v. Walker*, 453 F.Supp.2d 594, 599-600 (N.D.N.Y. 2006).**

The "case-or-controversy" requirement of Article III is typically satisfied in the context of federal habeas petitions challenging the validity of a state court conviction because the incarceration "constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 7, 118 S.Ct. 978; *see also Geraci v. Sheriff, Schoharie County Jail*, No. 99-CV-0405, 2004 WL 437466, at *1-2 (N.D.N.Y. Feb. 20, 2004) (Sharpe, J.). Moreover, a habeas petition challenging a criminal conviction is not necessarily rendered moot when the petitioner is released from prison because collateral consequences of that conviction survive an inmate's release from prison. FN14 *See, e.g., Spencer*, 523 U.S. at 12, 118 S.Ct. 978 ("it is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences' ") (quoting *Sibron v. New York*, 392 U.S. 40, 55, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968)).

> FN14. Examples of such collateral consequences include the inability to serve as a juror, engage in certain businesses, or vote. *E.g. Johnson v. Levine*, 00Civ.8402, 2001 WL 282719, at *1 (S.D.N.Y. Mar. 21, 2001).

However, the Second Circuit has observed that where there is "no material possibility that [the petitioner] will suffer collateral consequences on the basis of the challenged conviction," a federal court may properly dismiss a habeas corpus petition as moot. *Perez v. Greiner*, 296 F.3d 123, 125 (2d Cir.2002). Moreover, the petitioner "bear[s] the burden of demonstrating some concrete and continuing injury sufficient to create an Article III case or controversy." *United States v. Mercurris*, 192 F.3d 290, 294 (2d Cir.1999).

The records before the Court reflect that, in addition to the criminal convictions which Bourdon challenges in the case *sub judice*, he has also been convicted of various other felonies, both prior and subsequent to the criminal action complained of herein. Specifically, the Court has ascertained that on January 15, 1993, Bourdon was convicted of three separate felonies in Broome County Court, including second degree assault, DWI and first degree aggravated unlicensed operation of a motor vehicle. See Dkt. No. 25. Additionally, subsequent to the May, 1997 convictions challenged herein, Bourdon was convicted in Broome County Court of multiple felonies, including three counts of criminal possession of a forged instrument in the second degree, criminal possession of a forgery device, and criminal possession of a weapon in the third degree. *See People v. Bourdon*, 258 A.D.2d 810, 686 N.Y.S.2d 162 (3d Dept.1999). Thus, it is apparent that Bourdon's "basic civil rights" are not at stake in the present action because "[s]uch rights are not at stake for previously convicted felons." *Sylvester v. Hammock*, 524 F.Supp. 53, 56 (E.D.N.Y.1981).

Since: i) Bourdon has fully served the sentence imposed on him relating to the

4

convictions he challenges herein; and ii) there is no material possibility that Bourdon will suffer from any collateral consequences attributable to such conviction due to the numerous other felonies of which Bourdon has also been found guilty that are not challenged in the present action, his petition could be dismissed solely because it is moot.

**C. Defendant's Felony Record**

Defendant's criminal history is lengthy and the print-out from official databases is very difficult to decipher. Accordingly, we have asked our Probation Office to contact the Southern District of Iowa to procure for the court and the parties the summary of defendant's criminal history from the 2004 PSIR. While we would ask the court to rely on the verified information in the PSIR from the Des Moines Probation Office, it appears that, at least, he was convicted in 1975 for arson; in 1978 carrying a concealed weapon; in 1986 of unlawful possession of an unregistered firearm; in 1986 larceny of a motor vehicle and selling narcotic drugs; in 1986 damage to property; in 1986 going armed with intent and possessing a firearm as a felon; in 1994 burglary and possession of a controlled substance; in 1994 going armed with intent and possessing a firearm as a felon; in 2003 a domestic abuse assault. His criminal history appears no better than Mr. Bourdon's, discussed above.

Respectfully submitted,

MATT M. DUMMERMUTH
United States Attorney

By: s/ Janet L. Petersen

JANET L. PETERSEN
Assistant United States Attorney
600 Fourth Street, Suite 670
Sioux City, IA 51101
(712) 255-6011
(712) 252-2034 - fax
Janet.Petersen@usdoj.gov (email)

CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

　　　John P. Greer

　　UNITED STATES ATTORNEY

BY: 　s/ Michelle Hatting