IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 79-CR-3007 |
| vs. | ORDER |
| KENNETH JAY STILL, | |
| Defendant. | |

## OVERVIEW

Defendant pled guilty to one count of making a false statement on a passport application (using a false name) and was sentenced to five years in prison on February 8, 1980. He served his sentence and was release and placed on parole on February 4, 1983. He has been convicted of various offenses since being released from that offense and is now serving a federal sentence for felon in possession of a firearm. (See Docket No. 53, p. 1, ¶ 2).

On May 20, 2004, long after being released for the current offense, defendant filed a petition (Docket No. 48), pro se, asking the Court to vacate the 1980 conviction under 28 U.S.C. § 2255. Defendant then was appointed counsel and thereafter filed a "supplemental" motion to vacate under 28

U.S.C. § 2255. Defendant argues that his judgment in 1980 has been causing "express and specific detraction[s] from his credibility whenever the same is formally challenged, and is thus an incohate [sic., "inchoate"] detriment to him arising from said conviction, which detriment becomes cohate [sic., "choate"] upon such challenges." (Docket No. 53, p. 2.) Specifically, defendant argues that the 1980 judgment has been, and could be in the future, used against him to challenge his credibility in both criminal and civil matters.

Defendant argues that the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255, should not bar his case because his petition was not filed within that one year. Defendant claims that he "discovered" within less than a year of filing his petition that his trial attorney, now deceased, did not make him aware of certain case law that, had defendant known about, he would not have pled guilty. The case law referred to by defendant is a 1979 Sixth Circuit Court of Appeals case captioned, <u>United States v. Cox</u>, 593 F.2d 46 (6th Cir. 1979). Defendant asserts that he is innocent of the charges in the 1980 case because he did not use a false name

2

on the passport for a "fraudulent purpose", as Cox requires. Defendant argues that his trial counsel's failure to show him the brief not citing the Cox case "constituted ineffective assistance of counsel which resulted in prejudice to the defendant when [trial counsel] allowed him to plead guilty to the charge when he was factually innocent." Docket No. 53, p. 4. Defendant asks for a writ of *coram nobis*.[1]

The Government responds that defendant's petition was filed after the expiration of the one-year statute of limitations set forth in the AEDPA. The Government also argues that federal courts have no jurisdiction over § 2255 motions made by released prisoners unless there is concrete and continuing injury, i.e., collateral consequences. The Government states that there is no jurisdiction if what the defendant complains about is the use of prior convictions to enhance crimes he has not yet committed.

The Government also addresses the merits of defendant's ineffective assistance of counsel claim in the event the Court allows the case to proceed notwithstanding the statute of

---

[1] *Coram Nobis* is a writ of error directed to a court for review of its own judgment and predicated on alleged errors of fact. Black's Law Dictionary, 7th Ed., 1999.

3

limitations problem.  The Government argues that defendant cannot prove the tough standard of ineffective assistance of counsel nor can he show that his counsel's failure to provide him a copy of a brief or to notify him of a particular case was unreasonable and prejudicial to the defendant.

Lastly, the Government argues that defendant cannot establish that *coram nobis* relief is warranted so as to not apply the one-year statute of limitations under the AEDPA. The Government points out that this type of writ must be filed within 10 days of conviction.  Also, the Government contends that defendant cannot prove that the judgment was "irregular or invalid", which is required to grant this "extraordinary remedy."

**ANALYSIS**

The Eighth Circuit has held that the one-year period of time to file a § 2255 petition is a statute of limitations, as opposed to a jurisdictional bar, under the AEDPA and is thus subject to equitable tolling.  See <u>Moore v. United States</u>, 173 F.3d 1131, 1134 (8th Cir. 1999).

> "Generally, a litigant seeking equitable
> tolling bears the burden of establishing
> two elements: (1) that he has been pursuing
> his rights diligently, and (2) that some

4

> extraordinary circumstance stood in his way." (Citations Omitted); see also Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir.2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.").

Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006). Thus, in order to toll the one-year statute of limitations, the defendant must show that there were extraordinary circumstances outside of his control that prevented him from filing his petition and that he diligently pursued the matter.

Although the statute of limitations for filing a § 2255 action may be tolled, the Eighth Circuit has held that "ineffective assistance of counsel generally does not warrant equitable tolling." Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002).

> Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [when a prisoner has asked a court for equitable tolling]...We have acknowledged, though, that serious attorney misconduct, as opposed to mere negligence, "may warrant equitable tolling."

United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005) (quoting Beery, 312 F.3d at 952) (citations omitted).

5

Situations wherein the Eighth Circuit has found "serious attorney misconduct" include: Trial counsel telling a defendant that § 2255 petitions did not have one-year statute of limitations deadlines; trial counsel telling a defendant's wife that he would file a petition "within two weeks" and telling the defendant that he "would be seeing some type of relief in the near future," and telling a defendant's wife that he had filed a petition when in fact none of these assertions were true. United States v. Martin, 408 F.3d 1089, 1094 (8th Cir. 2005).

Defendant is essentially asking this Court to toll the statute of limitations based upon his trial counsel's negligence for either not citing the Cox case or not making defendant aware of the case. Thus, defendant is asserting ineffective assistance of counsel but the Eighth Circuit has held, as stated above, that mere negligence on the part of trial counsel does not toll the statute of limitations.

The Court has reviewed the Cox case. Similarly to the case now before the Court, the defendant in Cox made a passport application using an alleged false name. However, in Cox, the Sixth Circuit Court of Appeals used Michigan common

6

law to find that a person can adopt any name as long as it is not done for "fraudulent purposes".

> Under the common law a person may adopt any name he or she wishes, without resort to any court and without any legal proceedings, provided it is not done for *fraudulent purposes*.

United States v. Cox, 593 F.2d 46, 48 (6th Cir. 1979) (citing Piotrowski v. Piotrowski, 71 Mich. App. 213, 216, 247 N.W.2d 354, 355 (Mich. App. 1976) (emphasis supplied)).

That ruling would not have been controlling in this federal court. Because this Court was not bound by Cox, failure to bring this case to the Court would not be serious attorney misconduct and/or extraordinary circumstances required by the Martin case cited above. The fact that defendant's trial counsel did not cite a case that was similar factually but relied on Michigan common law is not serious enough to constitute "serious attorney misconduct".

Because defendant's attorney's lack of citing to the Cox case does not constitute "extraordinary circumstances", the Court need not determine whether defendant diligently pursued his rights. The Court is aware that there are courts around this country that would find that ignorance of the law, even for those incarcerated in 1980 without access to law

7

libraries, legal materials or appellate counsel, is not a defense to missing a statute of limitations. However, the Court need not make that determination here.

Because the Court finds that no extraordinary circumstances exist to toll the statute of limitations, it also need not determine whether impediments in later civil actions constitute collateral consequences or the merits of the ineffective assistance of counsel claim.

Furthermore, a writ of *coram nobis* is an extraordinary remedy, containing its own statute of limitations. See Fed. R. App. P. 4(b) and <u>United States v. Mills</u>, 430 F.2d 526, 528 (citing <u>United States v. Morgan</u>, 346 U.S. 502, 505, n. 4 (1954)) (finding that *coram nobis* is a step in a criminal case and subject to the 10-day notice of appeal deadline). The Court is not persuaded that the facts of this case warrant such relief.

**IT IS THEREFORE HEREBY ORDERED** that defendant's motion to vacate under 28 U.S.C. § 2255 (Docket No. 48) and supplemental motion to vacate under 28 U.S.C. § 2255 (Docket No. 53) are **denied.**

**IT IS SO ORDERED** this 27th day of September, 2007.

*Donald E. O'Brien*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa